AXEL HAYFORD *vs.* CITY OF BELFAST.

Waldo. Opinion January 10, 1879.

*Highway. Money tax. Notice by surveyor. Appropriate remedy.*

Highway taxes payable in labor, remaining unpaid and assessed as money tax, and paid under protest, cannot be recovered of the town in an action for money had and received, if the assessment was legal, for a legal purpose, and was not an over assessment, although there was no notice as required by R. S., c. 18, § 45.

Notice on the part of the surveyor, and his proper return to the assessors, are conditions precedent to their authority to assess a highway tax as a money tax.

But, if they so do, and without a compliance with this condition, it is an error of theirs, which, by R. S., c. 6, § 114, does not render the assessment void, but might subject the surveyor or town to a different form of action for the damages caused by such error.

ON REPORT.

ACTION OF ASSUMPSIT, for money had and received, to recover the sum of eighty-five dollars and twenty-two cents, being the amount assessed upon the plaintiff in Belfast for highway taxes for 1873, and paid by him to the collector of taxes under protest.

Plea, the general issue. It was admitted that, the tax was assessed in labor and in money, and that the assessors and collector were duly sworn ; that the assessment was legal, and the officers duly qualified.

It was in evidence that this sum was assessed to the plaintiff as a highway tax, payable in labor, and was in the lists delivered by the assessors to the highway surveyor for collection ; that said lists were returned by the surveyor to the assessors, indicating that the plaintiff's tax was uncollected, but no formal, or any return signed by the surveyor, was made ; that no notice as required by R. S., c. 18, § 45, was given by the surveyor to plaintiff. Thereupon the assessors put this deficiency of highway tax into the money tax of 1873, and committed it, with their warrant, to the collector of taxes of Belfast for collection. That the collector called upon the plaintiff for the same, and notified him that unless he paid the tax he should arrest him or seize property sufficient to satisfy the

tax; and that thereupon the plaintiff paid it under protest. Having collected the tax the collector paid the money into the city treasury, and this suit is brought to recover it of the defendants.

The full court to order such judgment as the law and evidence required.

*Joseph Williamson*, for plaintiff.

I. Before a warrant authorizing the enforcement of the plaintiff's highway tax for 1873, could legally issue, he must have neglected or refused, upon proper notice, to work out the amount of such tax, when the assessors should have issued a second warrant to the surveyor or collector, "in substance like warrants for the collection of other town taxes," as provided by R. S., c. 18, § 57. *Cheshire* v. *Howland*, 13 Gray, 321. Or, upon rendition by the surveyor of his name among a list of delinquents, the assessors should have placed the amount due in their next assessment, in accordance with § 48 of same chapter. None of these requirements were observed. The warrant was the general one for that year, and issued prematurely, so far as the highway tax was concerned. There was no notice given, and no opportunity afforded the plaintiff to work to the amount of his tax. Such notice was indispensable to fix his delinquency. *Dearing* v. *Heard*, 15 Maine, 247.

II. Even if notice had been given, no legal list was rendered by the surveyor. The list testified to by one of the assessors, failed to comply with the requirements of the statute. It did not contain the names of such persons as had not worked out their taxes, and did not bear the official signature of the surveyor. The last omission was fatal. *Patterson* v. *Creighton*, 42 Maine, 367. *Smith* v. *Readfield*, 37 Maine, 145. *Look* v. *Industry*, 51 Maine, 375. *Hathaway* v. *Addison*, 48 Maine, 440.

*W. P. Thompson*, city solicitor, for Belfast.

DANFORTH, J. This is an action for money had and received, to recover the amount of a tax alleged to have been illegally collected.

The legality of the assessment is conceded. This necessarily includes the legality of the purpose for which the tax was assessed. If such is the case, it clearly follows that the city has no money in its treasury, by reason of this payment, which does not in good conscience belong to it. It would seem, then, that whatever other cause of action the plaintiff may have, this is not open to him.

But he claims that the defendant has his money, when it is only entitled to his labor. It is true that the tax was assessed, in the first instance, as a highway tax, and assigned to a surveyor for collection. If it were payable in labor, the plaintiff would be entitled to notice and demand, as required by R. S., c. 18, § 45, and it is alleged that this notice was not given. Were this so, it does not affect the legality of the tax. The omission might render the surveyor liable, and if the city could be holden for his misdeeds, it would not be in this form of action.

If this omission appeared in the surveyor's return, then the assessors erroneously inserted it in the lists of money taxes, where the case finds it. It would be equally erroneous to insert it in the money tax of the same year in which it was assessed.

The assessment of a highway tax, to be paid in labor, is one thing, to convert it into a money tax is another. The former is a step, and a necessary one, to the latter; still, it is only a step. To enable the assessors to make the money assessment, they must have the return of the surveyor showing who are the delinquents, and then assess the highway tax of such in the money list of the next year. R. S., c. 18, § 48. *Patterson* v. *Creighton*, 42 Maine, 378.

The complaint of the plaintiff rests upon the alleged errors of the assessors in putting his tax into the money list; or in other words, assessing it as a money tax. If all his allegations are true, the tax does not become void. The errors, or omissions, of the assessors do not affect the tax, but having paid that, he is entitled to an action,—not to recover his money back—but for his damages sustained by reason of such errors or omissions, if any. R. S., c. 6, § 114. *Rogers* v. *Greenbush*, 58 Maine, 390. *Gilman* v. *Waterville*, 59 Maine, 491.

*Judgment for defendant.*

APPLETON, C. J., WALTON, BARROWS, LIBBEY and PETERS, JJ., concurred.